IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NATHANIEL HIGAR and SHAELYN BOBBITT, on Behalf of Themselves and All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 2:17-cv-60 |
| TASK FORCE OF TEXAS, L.L.C. and ALBERT ANDERSON, individually, | § § § | Jury Demanded |
| Defendants. | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Nathaniel Higar and Shaelyn Bobbitt, on behalf of themselves and all others similarly situated ("Plaintiffs" and "Class Members" herein) bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and shows as follows:

### I.  NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2.  Defendants violated the FLSA by failing to pay Plaintiffs for all of their hours worked. Plaintiffs were required to work many hours at sub-minimum wage rates and were not compensated at a rate of time-and-one-half their regular rate of pay when they were required to work in excess of 40 hours in a given week.

## II.    PARTIES

3.  Plaintiff Nathaniel Higar ("Higar") is an individual who was employed by Defendants as a "Recovery Agent." He hereby consents to be a party in this action and his consent form is attached as Exhibit A.

4.  Plaintiff Shaelyn Bobbitt ("Bobbitt") is an individual who was employed by Defendants as a "Recovery Agent." She hereby consents to be a party in this action and her consent form is attached as Exhibit B.

5.  The Plaintiffs and Class Members are Defendants' current and former employees who were paid wages that failed to compensate them at a rate equal to or above the federal minimum wage and that failed to compensate them at overtime rates for overtime hours worked.

6.  Defendant Task Force of Texas, LLC ("Corporate Defendant") is a corporation authorized to do business and doing business in the state of Texas. Corporate Defendant can be served through its registered agent, Albert Anderson, at 12604 FM 3311, Tyler, TX 75708-2416, or wherever he may be found.

7.  Defendant Albert Anderson ("Anderson") is an individual residing in Texas and can be served at 12604 FM 3311, Tyler, TX 75708-2416, or wherever he may be found.

## III.    JURISDICTION AND VENUE

8.  This Court has jurisdiction over the claim because Plaintiffs have asserted a claim arising under federal law under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201 et seq.

9. Venue is proper in the Eastern District of Texas because the events forming the basis of the suit occurred in this District.

## IV. COVERAGE

10. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs and Class Members.

11. At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level, which are separately stated).

14. At all times hereinafter mentioned, Plaintiffs and Class Members are/were individual employees who are/were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

## V. FACTUAL ALLEGATIONS

15. Corporate Defendant provides repossession services and does more than $500,000.00 per year in business.

16. Defendant Anderson owns and operates Task Force of Texas, L.L.C. and is/was responsible for implementing the pay practices at issue in this suit.

17. Plaintiff Higar was employed by Defendants within the three years prior to filing this lawsuit. Specifically, he was employed by Defendants between approximately February 2014 to April 2016 as a Recovery Agent. In this capacity, Plaintiff primarily performed routine duties related to locating and retrieving unpaid vehicles used as collateral for loans, such as locating vehicles, recovering vehicles, and delivering them to creditors or law enforcement agencies. He also completed paperwork, prepared condition reports, took photos, and searched for people and vehicles ("skip-tracing").

18. Plaintiff Bobbitt was employed by Defendants within the three years prior to filing this lawsuit. Specifically, she was employed by Defendants from approximately February 2014 to October 2016 as a Recovery Agent. In this capacity, Plaintiff primarily performed routine duties related to locating and retrieving unpaid vehicles used as collateral for loans, such as locating vehicles, recovering vehicles, and delivering them to creditors or law enforcement agencies. She also completed paperwork, prepared condition reports, took photos, and searched for people and vehicles ("skip-tracing").

19. Defendants paid Plaintiffs at a rate that failed to guarantee them at least $455.00 in wages each week, regardless of how many hours they worked in a given week.

20. Plaintiffs regularly worked six or seven days in a week and performed in excess of 40 hours of work in a week on Defendants' behalf during the course of their employment with Defendants. In fact, there were weeks when Plaintiffs worked in excess of 60 hours on Defendants' behalf. Consequently, Plaintiffs were paid at sub-minimum wage rates for their work for Defendants.

21. Furthermore, Plaintiffs were not compensated at a rate of time-and-one-half their regular rate of pay for hours worked above 40 per week. Because Plaintiffs regularly worked 40 or more hours per week, any extra time they worked would be considered overtime and should have been compensated at overtime rates.

22. During the three-year period prior to this suit, Defendants have employed individuals who performed the same job duties under the same pay provisions as Plaintiffs and who were not paid for all hours worked, as required by the FLSA for non-exempt workers.

23. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation and minimum wage with respect to Plaintiffs. Defendants were aware of their legal obligation to pay minimum wage and overtime, but failed to do so.

## VI.    COLLECTIVE ACTION ALLEGATIONS

24. Plaintiffs re-allege and incorporate paragraphs 1–23 as if fully set forth in this section of the Complaint. Other employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA. Many of these employees worked with Plaintiffs and were paid in the same manner as Plaintiffs: not being paid at a rate at least equal to the federal minimum wage for all hours worked; and not receiving overtime pay for hours worked in excess of 40 hours per workweek. Plaintiffs are aware that the illegal practices or policies of Defendants have been uniformly imposed on the Class Members.

25. The Class Members performed the same or similar duties as Plaintiffs (described above) and worked under the same illegal pay scheme which paid less than minimum wage to non-exempt employees without regard to the number of hours actually worked. Moreover, these non-exempt employees regularly worked more than 40 hours in a workweek, but were not paid lawful

overtime compensation. Accordingly, the employees victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiffs in terms of job duties and pay provisions.

26. Defendants' failure to pay minimum wage and overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiffs' experiences are typical of the experience of the Class Members.

27. The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to at least minimum wage for all hours of work and overtime compensation for hours worked in excess of forty (40) hours per week. Although the issue of damages may be individual in character, this does not detract from the common nucleus of liability facts; the questions of law and facts are common to Plaintiffs and the Class Members.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

28. Plaintiffs re-allege and incorporate paragraphs 1–27 as if fully set forth in this section of the Complaint.

29. During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants have further violated the FLSA by failing to ensure that Plaintiffs were paid at least the lawful minimum wage for all of

their regular, non-overtime hours worked. Defendants have acted willfully in failing to pay Plaintiffs and Class Members in accordance with the law.

## VII. RELIEF SOUGHT

30. WHEREFORE, cause having been shown, Plaintiffs pray for judgment against Defendants as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join in the suit); and

    b. For an Order awarding Plaintiffs (and those who may join in the suit) the costs of this action;

    c. For an Order awarding Plaintiffs (and those who may join in the suit) attorneys' fees and costs; and

    d. For and Order awarding Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ J. Derek Braziel
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
**J. FORESTER**
Texas Bar No. 24087532
**TRAVIS GASPER**\*
Texas Bar No. 24096881
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone

(214) 749-1010 fax
www.overtimelawyer.com

*Application for Admission forthcoming

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

s/ J. Derek Braziel
**J. DEREK BRAZIEL**